IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:18-CV-24-D

Wells Fargo Bank, National Association, )
)
    Plaintiff, )
)
v. )
)
Building Blocks Pediatrics, PLLC, Dori J. )
Thomas, Michael Thomas, Kristi Woods )
Edwards, and Clyde Edwards, )
)
    Defendants. )
)

## STIPULATED PROTECTIVE ORDER
## (AS MODIFIED)

Plaintiff Wells Fargo Bank, National Association ("**Plaintiff**" or "**Wells Fargo**") and Defendants Dori J. Thomas and Michael Thomas (the "**Defendants**", and collectively the "**Parties**")[1] anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, and/or personally or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**1. PURPOSE.**

A Receiving Party may use Protected Material, as defined below, that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting,

---

[1] Defendants Clyde Edwards and Kristi Edwards are no longer parties to this case pursuant to the Order entered by this Court in Case Number 5:17-CV-00457-BO, in which this Court reversed the Bankruptcy Court's dismissal of the Edwards Chapter 7 petition. The Bankruptcy Court has since granted the Edwards' discharge in the Chapter 7 case. Accordingly, Wells Fargo has dismissed the Edwards as parties from this lawsuit. In addition, a Consent Judgment has been tendered to the Court as to Defendant Building Blocks Pediatrics, PLLC.

defending, or attempting to settle the claims at issue in this lawsuit. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

**2.     DEFINITIONS.**

   **a.**    "Discovery Material" means all items or information, including from any non party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

   **b.**    "Party" means any party to this case, including all of its officers, directors, and employees.

   **c.**    "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this case.

   **d.**    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL", as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in any other setting that might reveal such information. Protected Material shall not include materials that show on their face they have been disseminated to the public by the designating party.

   **e.**    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

   **f.**    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

**3.     COMPUTATION OF TIME.**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**4. SCOPE.**

    **a.** Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

    **b.** Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as filing the Protected Material under seal.

    **c.** This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5. DURATION.**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6. ACCESS TO AND USE OF PROTECTED MATERIAL.**

    **a. Basic Principles**. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

    **b. Personally Identifying Information.** Plaintiff, Wells Fargo, may be producing records in this lawsuit that contain Personally Identifying Information of Wells Fargo customers, which may include names, mailing address, telephone numbers, email addresses or other personally identifiable information that can be used on its own or with other information to identify, contact or locate an individual ("PII"). While Wells Fargo may redact PII, redacting certain PII may be unduly burdensome, and thus it may choose to not redact PII in all documents produced. The

Parties agree that any PII contained in documents produced by Wells Fargo shall be treated as CONFIDENTIAL, pursuant to the terms of this Order. Absent an Order of this Court, neither Defendants nor their counsel shall use PII obtained solely from documents produced by Wells Fargo to communicate with any Wells Fargo customer. Nothing in this paragraph shall be construed as a waiver by Wells Fargo of its position that Wells Fargo is entitled to redact PII, and the Parties agree that PII may be redacted.

      **c.**      **Secure Storage**. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      **d.**      **Limitations.** Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

**7.**      **DESIGNATING PROTECTED MATERIAL.**

      **a.**      **Available Designations.** Any Producing Party may designate Discovery Material with the following designation, provided that it meets the requirements for such designation as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      **b.**      **Written Discovery and Documents and Tangible Things.** Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material, for which such designation is appropriate, prior to production. In the event

that original documents are produced for inspection, the original documents shall be presumed HIGHLY CONFIDENTIAL during the inspection and re-designated, as appropriate during the copying process.

    c.    **Depositions and Testimony**. Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed HIGHLY CONFIDENTIAL until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. Any party that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as Protected Material has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases the court reporter shall be informed of this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."

**a.** To the extent reasonably possible, each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific documents that qualify under the appropriate standards

**b.** A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" if it contains or reflects information that the Producing Party claims in good faith constitutes confidential financial information of an individual, trade secrets, confidential financial or business plans and strategies, or other highly sensitive, personal or proprietary information that may cause competitive, commercial or financial injury if disclosed beyond the disclosure allowed in paragraph 8(d), below.

**c.** Unless otherwise ordered by the Court, Discovery Material stamped CONFIDENTIAL may be disclosed only to the following:

**i.** The Court and its personnel, although any documents that are filed with the Court and reference or attach any information or document labeled "CONFIDENTIAL" must be filed pursuant to the sealing rules described in paragraph 12, below

**ii.** The Parties themselves, corporate officers, in-house counsel, and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action.

**iii.** The Receiving Party's Outside Counsel, their immediate paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed.

**iv.** Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and

provided that such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

**v.** Court reporters, stenographers and videographers retained to record testimony taken in this action.

**vi.** Deposition and trial witnesses.

**vii.** A vendor hired by a party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case, if the vendor's employees having access to the data or documents sign the certificate attached as Exhibit A

**viii.** Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

**d.** Unless otherwise ordered by the Court, Discovery Material that is designated "HIGHLY CONFIDENTIAL" by a Producing Party may be disclosed by a Receiving Party only to the persons identified in paragraphs 8(c) i, iii, iv, v, vii., and viii.

**9. MOCK JURORS.**

A Party may not disclose to mock jurors any documents designated as "HIGHLY CONFIDENTIAL" under any circumstance. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL" unless that mock juror has signed a copy of Exhibit A. Mock jurors shall not be permitted to take any Discovery Material with them at the end of the exercise and may not at any time take Discovery Materials out of the offices where the mock trial is conducted.

## 10. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL.

**a.** A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**b.** Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

**i.** The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation.

**ii.** Failing agreement, the parties' recourse is to file, within five calendar days of the communication of no change to designations, a joint letter with the Court requesting a ruling whether the Discovery Material in question is entitled to the status and protection of the Producing Party's designation. The Producing Party shall have the burden of justifying the disputed designation. In the event that the Court orders further briefing on the issue, the parties will abide by any order of the Court as to the sequence and timing of the briefing. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

**iii.** Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

8

## 11. SUBPOENAS OR COURT ORDERS.

If at any time a Receiving Party receives a subpoena from any court, arbitral, administrative, regulatory or legislative body, requesting Discovery Material produced by another party, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of Protected Materials. Nothing in this paragraph should be construed as permitting disclosure of Protected Material to any third party except as expressly provided in this Order.

## 12. FILING PROTECTED MATERIAL.

a. As applied to documents, materials or other papers filed with the Court that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the parties shall seal such documents (or any portion thereof), by following the protocols for electronic filings in this District. If a Party believes that material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and cannot or should not be sealed, pursuant to the protocols and rules in this District, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing. The Parties will then meet and confer, in a good faith effort to resolve the dispute. Failing agreement, the Party wishing to file the materials must request a ruling from the Court on whether the Discovery Material in question must be submitted under seal. The Producing Party shall have the burden of justifying that the materials must be submitted under seal. Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

b. The use of Protected Material during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

**13. SHIPPING PROTECTED MATERIAL.**

When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

**14. UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIAL.**

a. The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

b. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

a. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other ocation that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

10

**b.** The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

**c.** If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

**d.** The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

**e.** The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

**f.** This stipulated agreement set forth in Paragraph 14 and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

**15. INADVERTENT FAILURE TO DESIGNATE PROPERLY.**

**a.** The inadvertent failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation. If the Producing Party notifies all Receiving Parties of an inadvertent failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving

Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

**b.** A Receiving Party shall not be in breach of this Order for any use of such inadvertently-non-designated or inadvertently-misdesignated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

### 16. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER.

**a.** In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**b.** Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

### 17. FINAL DISPOSITION.

**a.** Not later than sixty (60) days after the final disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "final disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

**b.** All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain pleadings, motions, discovery requests, any documents filed with the Court, correspondence, and attorney and consultant work product (but not document productions) for archival purposes.

**18. MISCELLANEOUS.**

**a. Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

**b. Termination of Matter and Retention of Jurisdiction.** The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction for one year after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

**c. Successors.** This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**d. Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

**e. Actions to Protect Confidential Information.** In the event that the Court determines that there is an actual or threatened breach of this Order by the party who received Protected Material, the parties agree that the Producing Party would not have an adequate remedy at

law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the party may be entitled at law or in equity.

**f.  Burdens of Proof.** Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

**g.  Modification by Court.** This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Eastern District of North Carolina is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of North Carolina.

DATED: July 17, 2018

/s/ Matthew P. Weiner
Matthew P. Weiner, Esq.
N.C. State Bar No. 37128
Catherine G. Clodfelter, Esq.
N.C. State Bar No. 47653
Parker Poe Adams & Bernstein LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 835-4502
Facsimile: (919) 834-4564
rnattweiner@parkerpoe.com
catherineclodfelter@parkerpoe.com
*Attorneys for Plaintiff*

DATED: July 17, 2018

/s/ William P. Janvier
William P. Janvier, Esq.
Janvier Law Firm, PLLC
311 E. Edenton Street
Raleigh, NC 27601
bill@janvierlaw.com
*Attorneys for Defendant Dori J. Thomas*

DATED: July 17, 2018

/s/ Matthew W. Buckmiller
Matthew W. Buckmiller, Esq.
Stubbs & Perdue, P.A.
9208 Falls of Neuse Road, Suite 201
Raleigh, NC 27615
mbuckmiller@stubbsperdue.com
*Attorneys for Defendant Michael Thomas*

***********************
## COURT'S APPROVAL AND MODIFICATIONS

This Stipulated Protective Order is the subject of the parties' motion (D.E. 39) for entry thereof in the form proposed at D.E. 39-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Stipulated Protective Order, subject to the following modifications:

1. A party may designate any Discovery Material as "Confidential" or "Highly Confidential" pursuant to paragraph 8.b of the Stipulated Protective Order only if such party believes in good faith that such Discovery Material qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. A party seeking the court's ruling on a challenge by it to the designation or non-designation of any Discovery Material shall bring the matter before the court by filing a motion for the relief it seeks. The parties shall not file a joint letter for this purpose, as provided in paragraph 10(a)(ii).

3. Notwithstanding any contrary terms in paragraph 11, the time for the giving of the written notice required therein shall be as promptly as practicable.

4. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents, notwithstanding any contrary terms in this Stipulated Protective Order, including any such terms in paragraph 12.

5. Notwithstanding any contrary provisions in paragraph 18.b, the extent to which this court retains jurisdiction over this litigation for enforcement of the provisions of this Stipulated Protective Order following the final resolution of this litigation shall be determined in accordance with law.

SO ORDERED, this 25th day of July 2018.

James E. Gates
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of North Carolina on _____, 2018 in the case of Wells Fargo Bank, N.A v. Building Blocks Pediatrics, PLLC et. al, Case No. 5:18-CV-24. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____